Argued October 13, affirmed as modified October 20, 1954

## ELDON ET AL. *v.* CHANDLER ET AL.

### 275 P. 2d 748

*John J. Kelley,* Portland, argued the cause and filed a brief for appellants.

*Ralph Wyckoff,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Robert Y. Thornton, Attorney General, and C. W. Enfield, Assistant Attorney General, Salem.

Before LATOURETTE, Chief Justice, and ROSSMAN, TOOZE and PERRY, Justices.

## PER CURIAM.

Plaintiffs on March 17, 1948, entered into a contract with defendants for the reconstruction of a highway in Douglas county. The contract was fully performed and completed and accepted by defendants on September 30, 1949. On January 27, 1950, defendants made a final estimate of $14,971.54 due and owing plaintiffs. Plaintiffs filed exceptions to such estimate whereupon another final estimate was made by defendants on January 26, 1951, in the sum of $16,949.98. Exceptions were again made to the estimate and upon refusal of defendants to further amend, the present suit was instituted to compel the defendants to amend and correct said final estimate by allowing them $18,680.61, which sum the court awarded plaintiffs at the trial.

Plaintiffs appeal claiming that they are entitled to interest on the sum awarded. Defendants cross-appeal urging error on the part of the court in increasing the award over and above the final estimate.

■ That interest is allowable in a case of this character is settled in *North Pacific Construction Co. v. Wallowa County*, 119 Or 565, 572, 249 P 1100, where the precise question being considered was definitely settled. It is urged that no authorities were cited in that case with reference to the allowance of interest and that since earlier Oregon cases held adversely the case is not authority for the rule. The case of *Public Market Co. v. Portland*, 171 Or 522, 621, 130 P2d 624, 138 P2d 916, not discussed by defendants, forecloses the subject since there the matter of interest was again before us and we held that interest was recoverable, citing with

approval the North Pacific Construction Company case, supra.

■ On the cross-appeal defendants urge that the court erred in increasing the award over and above the final estimate made by the engineer. Defendants are in no position to raise this question since, at the conclusion of the trial, they submitted to the trial court findings and conclusions which comported with those of the court and its consequent judgment. *Schoren v. Schoren*, 110 Or 272, 288, 214 P 885, 222 P 1096.

Affirmed as modified.