Argued June 9, modified and remanded with directions
September 7, opinion modified and petitions for
rehearing denied November 22, 1967

# STATE ex rel NILSEN, *Respondent, v.*
# ADAMS, *Appellant.*

431 P. 2d 270
433 P. 2d 831

C. S. *Emmons,* Albany, argued the cause for appellant. With him on the briefs were Willis, Kyle, Emmons and Kropp, Albany.

*Dale W. Conn,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, H. J. Belton Hamilton, Thomas N. Trotta, G. Dwyer Wilson, Albert L. Menashe, Assistant Attorneys General, Salem, and Victor Levy, Assistant Attorney General, Portland.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN and HOLMAN, Justices.

HOLMAN, J.

This was an action brought by the Labor Commissioner under ORS 652.330(2) on behalf of one Dlouhy for the unpaid balance of wages. A jury trial resulted in a verdict and judgment for plaintiff for the amount of wages claimed plus statutory penalties. Attorney's fees were denied by the court in a subsequent proceeding. Defendant appealed from the judgment and plaintiff cross appealed from the denial of attorney's fees.

Defendant purchased a freight truck and leased it to a corporation known as "Busy Bee." Dlouhy, who had previously been employed by defendant, drove defendant's truck for Busy Bee and was paid by it at the rate of 8 cents per mile. The cause of action was based upon Dlouhy's claim that he had a verbal agreement with defendant that defendant would pay

an additional 2¼ cents per mile for driving defendant's truck for Busy Bee. Dlouhy also claimed defendant agreed to pay $2.50 per hour for making necessary repairs on the truck.

Defendant first assigns as error the trial court's denial of his motion for a new trial based upon his claim of newly discovered evidence. Dlouhy and his wife testified that Dlouhy had been receiving 10¼ cents per mile for driving a truck for Brownsville Particle Board, and had told defendant that Dlouhy would not drive defendant's truck for Busy Bee for less. According to Dlouhy, the defendant agreed to pay the difference between the amount Busy Bee would pay and 10¼ cents per mile. Defendant claims to have discovered, subsequent to trial, that Dlouhy had not been receiving 10¼ cents per mile for driving for Brownsville Particle Board. Defendant's affidavit in support of his motion for a new trial states as follows:

"* * * that I was present in court on Friday, April 15, 1966, when the plaintiff's assignor Lester Dlouhy and his wife testified that they had conversation with me in their home, at which time they pointed out to me that Lester Dlouhy had earned 10¼ cents per mile while driving for Brownsville Particle Board, and that he wanted to earn that much and that he did not want to leave home and be on the road without earning at least as much as he earned at Brownsville Particle Board, and that that was the basis for them insisting upon this amount as his pay while driving my truck, and that therefore they insisted upon it and I agreed to it.

"The trial continued past 5 o'clock P.M. on Friday, April 15, 1966, and then continued all day on April 18th so that I had no opportunity to verify the rate of pay that Lester Dlouhy was getting while he was working at Brownsville Particle Board until the 19th of April, 1966, or

the day after the trial, and just because the plaintiff had stated some other things which I did not feel were correct statements I decided there could be a possibility that his representation as to his earnings at the Brownsville Particle Board were not correct. Therefore, on April 19, 1966, which was the first business day after this testimony was given that I had an opportunity to get out of the court house myself, I went down and checked with the Brownsville Particle Board and learned that the testimony thus given by Lester Dlouhy and his wife as to his earnings at the Brownsville Particle Board was not correct, and I state that therefore I used due diligence in attempting to uncover this evidence. * * *"

ORS 17.610(4) sets forth the circumstances in which the court may grant defendant a new trial because of newly discovered evidence. It states:

"(4) Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

Defendant's affidavit fails to make a sufficient showing of reasonable diligence. Motions for new trials based upon claims of newly discovered evidence are disfavored, and viewed with distrust. A presumption exists that the moving party failed to exercise due diligence before trial. *State v. Walker,* 244 Or 404, 412, 413, 417 P2d 1004 (1966); *NW Ice and Cold Stor. v. Multnomah Co.,* 228 Or 507, 512, 365 P2d 876 (1961); *Larson v. Heintz Const. Co. et al,* 219 Or 28, 74-75, 345 P2d 835 (1959); *Lewis v. Nichols.* 164 Or 555, 570, 103 P2d 284 (1940). The reasons underlying the presumption were explained in *Lewis v. Nichols,* supra:

"* * * [The] presumption is founded upon good sense, for common experience teaches us that since virtually everyone regards a lawsuit as a serious matter, litigants generally discover all available

witnesses before the trial. But the disfavor with which a motion for a new trial is regarded is also the product of necessity—the necessity of spurring on the parties to the discovery before trial of all available facts in order that repetitions of the trial may be avoided. * * *"

Since the defendant denied making the agreement which Dlouhy claimed, all of Dlouhy's testimony relevant thereto should have been suspect to defendant. Dlouhy's testimony regarding the agreement was given on Friday morning, April 15. The trial was continued over the weekend to Monday, April 18. The testimony was completed at 2:37 P.M. of that day. Consequently, defendant had the Friday and Monday noon recesses of an hour-and-a-half each, Friday evening, and an entire weekend for making inquiry. Brownsville was only a short distance from Albany where the trial was conducted. Moreover the telephone was available. The use of reasonable diligence would have, prior to the conclusion of the trial, uncovered the evidence which defendant now proposes. The presumptions and burdens applicable before trial are equally applicable during trial.

Defendant next contends that the court erred in giving the following instruction, which was based upon ORS 652.160:

"You are instructed that in case of a dispute over wages the employer must pay, without conditions, and the employee may accept wages conceded by such employer to be due. But the payment and acceptance of such amount in no way compromises whatever rights or remedies such employee might overwise have or be entitled to for the balance claimed by him against such employer."

Defendant argues that the instruction was misleading and irrelevant because he had not contended that plain-

tiff was prevented from asserting his claim because he had accepted a lesser sum than he claimed was due.

■ The state pleaded and offered proof that Dlouhy had received partial payment for the services which were the basis of his claim, and sought judgment for the balance. Defendant pleaded and offered proof that he had paid Dlouhy for some services during the period in question. In these circumstances it was not error to instruct the jury that the acceptance by Dlouhy of part payment did not bar the balance of his claim even though there was no contention by defendant that it did.

■■ Defendant's final charge of error relates to the submission to the jury of Dlouhy's claim for penalty wages under ORS 652.150. The statute provides:

"If an employer wilfully fails to pay any wages or compensation of any employe who is discharged or who quits his employment, as provided in ORS 652.140, then, as a penalty for such nonpayment, the wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days; * * *."

Defendant contends that there was no evidence of any rate of pay for any particular period upon which a penalty judgment could be computed.

In *McGinnis et al v. Keen*, 189 Or 445, 454, 221 P2d 907 (1950), this court stated that where an employee has been employed for 30 days prior to the termination of his employment, the penalty recovery should be equal to "* * * the sum which the employee earned in the thirty days immediately preceding the cessation of his employment. * * *" Plaintiff alleged in its complaint that Dlouhy's employment terminated on

December 10, 1964. A careful examination of the testimony and the exhibits show that the only evidence of earnings in the 30 days prior to December 10, was evidence that Dlouhy performed seven hours of truck repair on November 10 at $2.50 per hour, and therefore earned $17.50. Since the evidence fails to support a recovery for penalty wages in excess of $17.50, the judgment is reduced accordingly.

■ Plaintiff cross-appealed claiming that the court erred in denying its motion to amend the cost bill to include attorney's fees. A judgment was originally entered by the court which included $350 attorney's fees. A cost bill was filed by plaintiff which included no request for attorney's fees and, understandably, no objection thereto was filed by defendant. Defendant moved to strike the provision for attorney's fees from the judgment and the motion was allowed. Plaintiff's motion to amend his cost bill to include attorney's fees was thereafter denied. The statute which provides for attorney's fees in this situation, ORS 652.330(2), states:

"* * * The Commissioner may sue employers on wage claims thus assigned with the benefits and subject to existing laws applying to actions by employes for collection of wages. He is entitled to recover, in addition to other costs, such sum as the court or judge may adjudge reasonable as attorney's fees. * * *"

The plaintiff's attorney apprised the court and the defendant that plaintiff was applying for attorney's fees. This is evidenced by the fact that the original judgment provided for attorney's fees but not as part of costs. After the provision for attorney's fees had been stricken from the judgment, no discernible prejudice to anyone could have resulted from the court allowing plaintiff to amend its cost bill to include an

application for attorney's fees. Plaintiff's error was a technical one of procedure which injured no one. We believe that he should have been permitted to amend his cost bill and to present evidence of the reasonableness of the fees requested. It is only fair to note that the judge shown as having tried this case was not the one who denied the motion to amend the cost bill.

■ Plaintiff has filed a motion in this court requesting attorney's fees on appeal. Plaintiff is unable to point to any statute which provides for attorney's fees *upon appeal* in a case of this kind. This court has adopted a rule that attorney's fees will not be allowed upon appeal in the absence of a statute so providing. *Adair v. McAtee,* 236 Or 391, 396, 385 P2d 621, 388 P2d 748 (1964).

The judgment of the trial court is modified by a reduction in the penalty wages as directed herein, and the case is remanded to the trial court with directions to allow plaintiff to modify its cost bill to include an application for attorney's fees and to allow the parties an opportunity to present evidence concerning the reasonableness thereof. Neither party will recover costs.

**ON PETITIONS FOR REHEARING**

Willis, Kyle, Emmons & Kropp, Albany, for appellant's petition.

Robert Y. Thornton, Attorney General, H. J. Belton Hamilton, Thomas N. Trotta, G. Dwyer Wilson, Albert Menashe, Dale W. Conn, Assistant Attorneys General, Salem; Victor Levy, Assistant Attorney General, Portland, for respondent's petition.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Plaintiff filed a petition for rehearing contending that in limiting the recovery for penalty wages to $17.50, the court erroneously relied upon language from *McGinnis et al v. Keen,* 189 Or 445, 454, 221 P2d 907 (1950), which has been overruled by *Nordling v. Johnston,* 205 Or 315, 283 P2d 994, 287 P2d 420 (1955).

We concede that we were in error in relying in our original opinion upon *McGinnis* and we withdraw

that part of the opinion which relates to penalty wages. It was not the court's intention to overrule or discredit *Nordling*. However, this does not mean the plaintiff is entitled to penalty wages. *Nordling* states that the statute provides for the continuance of the workman's compensation at the same rate at which he was being paid while working. Plaintiff alleged Dlouhy's employment terminated December 10, 1964. The last work and wages disclosed by the testimony and exhibits is seven hours truck repair at $2.50 per hour on November 10. There is no evidence of the nature of Dlouhy's work or compensation during the 29 days prior to the time plaintiff alleges Dlouhy was discharged. Therefore, there is inadequate evidence of his rate of pay at the time of discharge. It is even doubtful that $17.50 was representative of his daily rate of pay at the time it was earned. He had been primarily employed as a truck driver and was employed in the repair of the truck he drove only as necessity demanded. Plaintiff is not entitled to recover for Dlouhy's penalty wages because there is no evidence from which his rate of pay at the time of his discharge can be computed. As a result the original opinion must be modified to delete from plaintiff's judgment the $17.50 allowed as penalty wages.

Defendant has also pointed an accusing finger at the court's original opinion. He has filed a petition for rehearing claiming that that part of the opinion was in error which remanded the case back to the trial court for the purpose of allowing evidence on the matter of attorney's fees to be introduced and considered. The plaintiff did not allege in the body of his complaint that he was entitled to attorney's fees nor did he there allege any amount as being reasonable. He only requested attorneys fees in his prayer. Neither did he

offer any proof at trial of reasonable attorney's fees. Defendant claims that under these circumstances the court had no power to allow any attorney's fees.

Defendant's position is as follows:

"* * * The ruling being sought is a ruling which will spell out whether or not in such cases the matter of fixing attorney's fees is entirely a matter for consideration as an item of the cost bill or whether the matter of attorney's fees *must be dealt with in some manner* during the trial itself." (Emphasis theirs).

In behalf of defendant's position he cites *State High. Com. et al v. Kendrick et al,* 227 Or 608, 363 P2d 1078 (1961), and *State v. Ganong,* 93 Or 440, 184 P 233 (1919), and cases cited therein.

In *Ganong* the court was considering the following statutory language in a state highway condemnation case:

"* * * the costs and disbursements of the defendant, including a reasonable attorney's fee to be fixed by the court at the trial shall be taxed by the clerk and recovered from the corporation."

This court there held that:

"* * * The statute contemplates that the amount of the attorney's fee must be (1) alleged; (2) proved by evidence; and (3) tried by a jury if the other facts are tried by a jury."

*Kendrick* was a state highway condemnation case in which the defendant received a verdict in excess of the amount offered for the property and in a hearing after jury verdict, the court set the attorney's fees. On appeal the fees were claimed to have been excessive. The court held that there was evidence to sustain

the court's findings as to the amount of attorney's fees and, it being a law case, the court could not change the amount of the allowance on appeal. The language of the statute at that time was as follows:

"The costs and disbursement of the defendants, including a reasonable attorney's fee to be fixed by the court, shall be taxed by the clerk and recovered from the state;   *   *   *."

In a general discussion of the law the following language is found in *Kendrick* at pp 610-611:

"It has long been settled in Oregon that the amount of the attorney's fee to be allowed in an action at law is a question of fact to be determined by the trier of fact upon pleading and evidence in the same manner as any other question of fact. The rule is applicable whether the attorney's fee is allowed by statute (citing cases, including *State v. Ganong,* supra) or by contract; (citing cases).

"The same rule applies in equity suits, (citing cases).

"The only exception to the rule, either in law or in equity, is when the parties stipulate that the court may fix the attorney's fee without hearing evidence on that issue. (Citing cases, again including *State v. Ganong,* supra)."

Two of the principal grounds upon which *Ganong* was decided were the inclusion in the statute of the words "at the trial" and the use of the word "court" rather than "judge." The statute in the present case does not have the language "at the trial" and has used the words "court or judge" instead of "court." In *Kendrick* the court recognized that since the language of the condemnation statute was changed in 1947, by the deletion of the words "at the trial," it had been the uniform practice for the judge to fix the attorney's fees.

■ Under a statute such as the present one, where attorney's fees are made a part of costs, the allowance of such fees is entirely a matter for consideration as an item of the cost bill. It is apparent that the drafters of the statute had *Ganong* in mind because of the deletion and addition previously mentioned. Attorney's fees were intended to be set by the judge from evidence given at a hearing on the cost bill subsequent to trial. There is no other explanation of the failure to include the words "at the trial" in the statute. Attorney's fees are of no possible interest to the jury and would only tend to confuse if allegations concerning them were included in the complaint. Under a statute like the one here we see no reason why the right to, and the reasonableness of attorney's fees should be alleged in the complaint any more than any other item of costs. The plaintiff requested attorney's fees in his prayer and this was sufficient.

Both petitions for rehearing are denied.