Argued September 15, affirmed September 29, 1971

SKOOG, *Appellant, v.* MINKOFF, *Respondent.*

488 P2d 1364

*George G. VanNatta,* St. Helens, argued the cause for appellant. On the brief were VanNatta & Petersen, St. Helens.

*Paul J. Jolma,* Clatskanie, argued the cause and filed a brief for respondent.

Before O'Connell, Chief Justice, and McAllister, Holman,* Tongue, Howell and Bryson, Justices.

TONGUE, J.

This is an action on a promissory note for $2,038.12. The note was made and payable in Minnesota as the second of two renewal notes for an original obligation in the amount of $1,800. The defense is that although the interest rate of 4% on the original note was proper, the principal amounts payable under the renewal notes were increased to such amounts that the effect was to charge interest at a rate in excess of 8%, making the renewal notes void as in violation of the Minnesota usury statute.

The case was tried before a jury, which made special findings of fact, including findings that plaintiff had no intention to charge more interest than the law allowed. The court then entered a judgment in favor of defendant, from which plaintiff appeals.

Plaintiff has assigned three errors on appeal: (1) that defendant's answer, in not alleging a "corrupt intent" and in alleging that the note sued on was a renewal note for an original obligation which was not usurious, does not allege facts sufficient to constitute a defense; (2) that the special findings by the jury did not support the judgment because of the finding that plaintiff had no intention to charge more interest than the law allowed, and (3) that the court erred in denying plaintiff's motion for a new trial based upon newly discovered evidence.

Defendant contends that since the notes were made and payable in Minnesota, the law of that state

---

* Holman, J., did not participate in this decision.

is controlling. Plaintiff does not deny that contention. Minn. Stat. Ann. §§ 334.01, 334.03 provide that no person shall directly or indirectly take or receive any greater sum for the loan or forbearance of money than $8 on $100 for one year (8% interest) and that any note or other contract to the contrary shall be void.

In *Cemstone Products Co. v. Gersbach,* 187 Minn 416, 245 NW 624, 625 (1932), it was held that "the corrupt intent" required by that statute in such a case is "the intent to take or receive more for the forbearance of money than the law permits, and this is true whether or not the taker knows he is violating the usury law."

█ In *Cowles v. Canfield,* 49 Minn 496, 52 NW 135 (1892), it was held that it is usury to take a renewal note for an amount which, when added to the amount of the original note, results in a future payment of interest in excess of the legal rate for the forbearance of payment of an amount previously due and payable, as in this case. See also *Kommer v. Harrington,* 83 Minn 114, 85 NW 939 (1901), and *I. J. Bartlett Co. v. Ness,* 156 Minn 407, 195 NW 39 (1923). As held in *Bartlett,* however, the original note may still be valid, subject to any other defenses.

We have read cases cited by plaintiff in support of his contention to the contrary and find that they do not require such a result, but are clearly distinguishable.[1]

We also hold that the trial court did not err in denying plaintiff's motion for a new trial under

---

[1] The Minnesota cases relied upon by plaintiff are: Patterson v. Wyman, 142 Minn 70, 170 NW 928 (1919); Strickland v. First State Bank, 162 Minn 235, 202 NW 727 (1925); Morse v. Wellcome, 68 Minn 210, 70 NW 978 (1898), and Linne v. Ronkainen, 228 Minn 316, 37 NW2d 237 (1949).

ORS 17.610 (4). We have previously held that such motions are not favored and that the granting or denial of such a motion is largely within the discretion of the trial court. *Newbern v. Exley Produce Express,* 208 Or 622, 630-633, 303 P2d 231 (1956).

■ Plaintiff's attorney does not deny that the "newly discovered evidence" was in existence at the time of trial and that his client knew, or should have known, of its availability. This, in itself, may not be conclusive upon the question whether plaintiff, through his attorney, could have with reasonable diligence produced such evidence at the time of trial. Cf. *N.W. Ice & Cold Stor. Co. v. Multnomah County,* 228 Or 507, 512, 365 P2d 876 (1961).

In this case, however, the record on appeal does not include a transcript of the testimony. Thus, we do not have an adequate basis to determine whether or not such evidence would probably change the result if a new trial had been granted or whether the trial court abused its discretion in denying the motion for a new trial. See *Newbern v. Exley Produce Express, supra,* 208 Or at 631.

For these reasons we affirm the judgment of the trial court.