Argued June 26, affirmed July 29, reconsideration denied
September 4, petition for review denied October 1, 1974

STATE HIGHWAY COMMISSION (No. 79523),
*Appellant, v.* CARMEL ESTATES, INC. ET AL,
*Respondents.*
525 P2d 61

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Gary M. Bullock,* Portland, argued the cause and filed the brief for respondents.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

The issue in this case is whether interest runs against the state on a judgment against it for attorney fees and costs awarded in a condemnation proceeding. The defendants-property owners prevailed as to value in a condemnation proceeding brought by plaintiff and, accordingly, in addition to judgment for the value of the property taken, judgment was entered in favor of defendants for a substantial sum as attorney fees and costs under ORS 35.346 (2).[1]

Plaintiff appealed on issues relating to valuation and this court affirmed. *State Highway Comm. v. Carmel Est.*, 15 Or App 41, 514 P2d 1124 (1973). Thereafter, defendants-property owners filed a motion in the trial court asking that the judgment be clarified to specifically provide in accordance with the general interest statute, ORS 82.010 (1)(b),[2] that interest

---

[1]
"If a trial is held for the fixing of the amount of compensation to be awarded to the defendant owner or party having an interest in the property being condemned, the court shall award said defendant costs and disbursements including reasonable attorney fees and reasonable expenses as defined in subsection (2) of ORS 35.335 in the following cases, and no other:

"(a) If the amount of just compensation assessed by the verdict in the trial exceeds the highest written offer in settlement submitted by condemner to those defendants appearing in the action at least 30 days prior to commencement of said trial; or

"(b) If the court finds that the first written offer made by condemner to defendant in settlement prior to filing of the action did not constitute a good faith offer of an amount reasonably believed by condemner to be just compensation." ORS 35.346 (2).

[2]
"(1) The legal rate of interest is six percent per annum and is payable on:

"(a) All moneys after they become due; but open accounts bear interest from the date of the last item thereof.

at the rate of 6 percent per annum should run on the judgment for attorney fees and costs from December 1972, the date of entry of the judgment. The motion was granted in December 1973.

Neither the plaintiff nor the defendants cite to us the two cases we find dispositive of the issue. *North Pac. Const. Co. v. Wallowa County,* 119 Or 565, 249 P 1100 (1926), and *Eldon et al. v. Chandler et al.,* 202 Or 407, 275 P2d 748 (1954). Both of these cases were disposed of by the Supreme Court in per curiam opinions. Nevertheless, the briefs in the latter case disclose that *Seton v. Hoyt,* 34 Or 266, 272-73, 55 P 967, 43 LRA 634, 75 Am St R 641 (1899), the opinion primarily relied upon by plaintiff in the case at bar, was argued to the Supreme Court in *Eldon,* and the court, in holding that the general interest statute, now ORS 82.-010, applies to the state, stated:

> "That interest is allowable in a case of this character is settled in *North Pacific Construction Co. v. Wallowa County,* 119 Or 565, 572, 249 P 1100 [1926], where the precise question being considered was definitely settled. It is urged that no authorities were cited in that case with reference to the allowance of interest and that since earlier Oregon cases held adversely the case is not authority for

"(b) Judgments and decrees for the payment of money from the date of the entry thereof unless some other date is specified therein, except that those upon contracts bearing more than six percent interest and not exceeding the maximum rate, bear the same rate of interest as borne by such contracts.

"(c) Money received to the use of another and retained beyond a reasonable time without the owner's express or implied consent.

"(d) Money due upon the settlement of matured accounts from the day the balance is ascertained.

"(e) Money due or to become due where there is a contract to pay interest and no rate specified.

"* * * * *." ORS 82.010.

the rule. The case of *Public Market Co. v. Portland,* 171 Or 522, 621, 130 P2d 624, 138 P2d 916 [1943], not discussed by defendants, forecloses the subject since there the matter of interest was again before us and we held that interest was recoverable, citing with approval the North Pacific Construction Company case, supra." 202 Or at 408-09.

■■ We note that *Public Market Co. v. Portland,* 171 Or 522, 130 P2d 624, 138 P2d 916 (1943), cited by the Supreme Court in *Eldon,* dealt with the city of Portland rather than the state or an arm of the state, and that *Shipley v. Hacheney,* 34 Or 303, 55 P 971 (1899), distinguishes between the rule applicable to municipalities and the rule applicable to the state. We also note that *NW. Ice & Cold Stor. v. Multnomah Co.,* 228 Or 507, 515-17, 365 P2d 876 (1961), cites the relevant holding in *Seton v. Hoyt,* supra, with approval. Nevertheless, since we interpret *Eldon* and *North Pac. Const. Co.* as holding that the general interest statute is applicable to the state, we follow them.

Although *Eldon* and *North Pac. Const. Co.* deal with the provision of the general interest statute requiring interest on monies after they become due, we can find no reason for distinguishing between the applicability of that provision and the provision which provides for interest on judgments for the payment of money from the entry of judgment.

Affirmed.