Argued and submitted April 28, reversed and remanded with instructions
October 27, 1982

## SPRINGER,
*Respondent,*

*v.*

## BOWEN, LEE & CO.,
dba The Professional Gold Center,
*Appellant.*

(No. A8010-05829, CA A22334)

652 P2d 863

James R. Cartwright, Portland, argued the cause and filed the brief for appellant.

Larry N. Sokol, Portland, argued the cause for respondent. On the brief was Michael T. Garone, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

The issue in this case is whether attorney fees sought in an action for unpaid wages are included in the "amount claimed" for the purpose of determining whether the district court has exclusive jurisdiction. ORS 46.060.[1]

Plaintiff filed this action in circuit court for damages, alleging that defendant owed her unpaid wages in the amount of $531.80 and that, because the wages had not been paid within 48 hours of plaintiff's demand, she was entitled to an $800 penalty. ORS 652.140(2) and 652.150.[2] She also alleged that she was entitled to recover reasonable attorney fees for prosecuting the action in the amount of $2,500. ORS 652.200(2). Defendant moved to dismiss the complaint on the ground that the circuit court lacked subject matter jurisdiction, because the amount in controversy did not exceed $3,000. The trial court denied the motion, and the case went to trial. An amended judgment order was entered that awarded plaintiff $528.37 for wages, $737.64 for the statutory penalty pursuant to ORS 652.150, costs and disbursements of $157.50 and attorney fees of

---

[1] ORS 46.060(1) provides in relevant part:

"* * * [T]he district courts shall have exclusive jurisdiction in the following cases:

"(a) For the recovery of money or damages only when the amount claimed does not exceed $3,000 * * *."

[2] ORS 652.140(2) provides:

"When any such employe, not having a contract for a definite period, shall quit his employment, all wages earned and unpaid at the time of such quitting shall become due and payable immediately if such employe has given not less than 48 hours' notice, excluding Saturdays, Sundays and holidays, of his intention to quit his employment. If such notice is not given, such wages shall be due and payable 48 hours, excluding Saturdays, Sundays, and holidays, after such employe has so quit his employment."

ORS 652.150 provides:

"If an employer wilfully fails to pay any wages or compensation of any employe who is discharged or who quits his employment, as provided in ORS 652.140, then, as a penalty for such nonpayment, the wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days; and provided further, the employer may avoid liability for the penalty by showing his financial inability to pay the wages or compensation at the time they accrued."

$320. Defendant appeals from the judgment, assigning as error the trial court's denial of its motion to dismiss. We reverse.

District courts possess exclusive jurisdiction over civil actions for the recovery of money or damages when the amount claimed does not exceed $3,000. ORS 46.060. Plaintiff's complaint alleges damages, excluding the claim for attorney fees, of $1,331.80. Therefore, unless plaintiff's claim for $2,500 attorney fees is included in the amount claimed for damages, the district court clearly had exclusive jurisdiction of the action.

■ In determining the jurisdictional amount, attorney fees that are recoverable as a part of a party's substantive claim are included, but attorney fees that are recoverable as costs are not included. *Flying Tiger Line v. Portland Trading Co.,* 45 Or App 345, 349, 608 P2d 577 (1980), *rev'd on other grounds* 290 Or 605, 624 P2d 117 (1981). In this case, plaintiff derives her claim for attorney fees from ORS 652.200(2), which provides:

> "In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, *the court shall upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees* at trial and on appeal for prosecuting said action, unless it appears that the employe has wilfully violated the contract of employment." (Emphasis added.)

■ ■ In construing statutory language, we first look to the plain meaning of the words. *Port of Newport v. Haydon,* 10 Or App 271, 276, 498 P2d 825, *rev den* (1972). Defendant argues that the addition of the words "otherwise prescribed by statute" characterizes .attorney fees as "other costs." In *State ex rel Nilsen v. Adams,* 248 Or 269, 431 P2d 270, 433 P2d 831 (1967), the Supreme Court, in construing ORS 652.330(1)(b), found attorney fees to be a part of costs. That section provided that "the commissioner is entitled to recover, *in addition to other costs,* such sum as the court or judge may adjudge reasonable as attorney fees."[3] (Emphasis supplied.) The Supreme Court found that language

---

[3] ORS 652.330(1)(b) was amended by Or Laws 1981 ch 897, § 88 to read:

expressed a clear legislative intent to make attorney fees a part of costs. In the present case, the language of ORS 652.200(2) provides for attorney fees "in addition to the costs and disbursements otherwise prescribed by statute." We construe the phrase "in addition to the costs and disbursements otherwise prescribed by statute" to have the same meaning as the words "in addition to other costs" in *State ex rel Nilsen v. Adams, supra.* We conclude that attorney fees recoverable pursuant to ORS 652.200(2) are costs and not part of plaintiff's substantive claim and, under *Flying Tiger Line* are therefore not included in the jurisdictional amount. *Cf. Meyer v. 4-D Insulation Company,* 60 Or App 70, 652 P2d 852 (1982) (holding that when the amount demanded as damages in the complaint exceeds $3,000, jurisdiction is in the circuit court, and that the circuit court does not lose jurisdiction when part of the claim for damages is stricken, thereby reducing the damages claimed to less than $3,000).

Reversed and remanded with instructions to enter an order of dismissal.

---

"* * * The commissioner is entitled to recover, in addition to costs, such sum as the court or judge may adjudge reasonable as attorney fees at trial and on appeal."