Submitted December 21, 1978, reversed April 24, 1979

PRITCHETT, *Petitioner,*
*v.*
FRY, *Respondent.*
(No. CA 8936, SC 25890)
593 P2d 1133

Morgan S. Pritchett, Gresham, filed a brief in persona propria.

E. Daniel Seymour, Portland, filed a brief for respondent.

HOWELL, J.

**HOWELL, J.**

The issue in this case is whether attorney fees under ORS 91.755 in a forcible entry and detainer proceeding are to be treated as part of costs or whether they must be pleaded and proved at trial. The Court of Appeals held that attorney fees were allowable as part of the cost bill. We granted plaintiff's petition for review.

The statute, ORS 91.755, states in pertinent part:

" * * * reasonable attorney fees may be awarded to the prevailing party together with costs and necessary disbursements * * *."

Plaintiff filed this action to recover possession of an apartment rented to defendant. Defendant's answer consisted of a denial and a prayer for judgment, reasonable attorney fees, and costs. Judgment based on a jury verdict was entered for defendant. After judgment, defendant filed a bill of disbursements together with a memorandum and affidavit in support of attorney fees. Plaintiff filed objections to the attorney fees, but the trial court allowed defendant $275 attorney fees. On appeal, the Court of Appeals held that under the statute attorney fees were treated as costs and therefore it was unnecessary for defendant to plead and prove her right to attorney fees.

■ Generally in those cases in which attorney fees may be recovered, the right to attorney fees must be alleged and proven as part of the trial, and the amount of recovery is a question for the trier of the facts. *State High. Com. et al v. Kendrick et al*, 227 Or 608, 363 P2d 1078 (1961); *Draper v. Mullenex*, 225 Or 267, 357 P2d 519 (1960).

■ However, when attorney fees are provided by statute as a part of "costs" they do not need to be pleaded in the complaint except as part of the prayer and:

" * * * a request for a specific amount should be made in the cost bill, and defendant may take issue, if he desires, by objecting on any basis he believes will

defeat its allowance as is done when contesting any other claimed item of costs. Issue thus having been taken, it is then the duty of the plaintiff, as the proponent of its allowance, to meet by proof, if he can, such objections as the defendant may have raised. The rule is, of course, limited to those instances in which reasonable attorney fees are provided by statute *as a part of costs.*" *Tiano v. Elsensohn,* 268 Or 166, 170, 520 P2d 358 (1974).

In those cases in which we have previously held that attorney fees were to be determined as part of the costs, the language of the statutes involved indicated that result. In *Tiano* the statute provided that "there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees." ORS 20.080(1). In *State ex rel Nilsen v. Adams,* 248 Or 269, 431 P2d 270, 433 P2d 831 (1967), the statute provided that the prevailing party was entitled to recover "in addition to other costs, such sum as the court or judge may adjudge reasonable as attorney's fees * * *." ORS 652.330(1)(b).

The statute in this case, ORS 91.755, does not provide that attorney fees are to be considered a part of costs, but states that attorney fees are to be awarded "together with costs," thus implying that attorney fees and costs are distinct items. Moreover, in *Pacific N. W. Dev. Corp. v. Holloway,* 274 Or 367, 546 P2d 1063 (1976), we specifically held, albeit in a different context, that ORS 91.755 "does not provide for attorney fees as costs * * *." 274 Or at 371. *See also Holt v. Rice,* 282 Or 203, 578 P2d 393 (1978), where we stated that a statute awarding costs and disbursements "together with reasonable attorney fees" normally would not be read to mean that costs include attorney fees.[1]

---

[1] *Holt v. Rice,* 282 Or 203, 578 P2d 393 (1978), dealt with ORS 128.270, which provides in relevant part:

"* * * the court shall tax the costs and disbursements of the proceedings, together with reasonable attorney's fees, * * *."

■    We hold that this case is controlled by our decision in *Pacific N.W. Dev. Corp.*, supra, and that reasonable attorney fees may be recovered under ORS 91.755 only if they are pleaded and proved at trial.

Reversed.

We said:

> "While the language 'together with reasonable attorney's fees' standing alone would not indicate that attorney's fees were intended to be a part of costs, when it becomes apparent that the sureties on the undertaking are responsible for any attorney's fees allowed and the undertaking is for 'costs and disbursements' only, the conclusion is inescapable that the legislature in this instance intended that attorney fees be part of costs and disbursements. * * *" 282 Or at 213.