Argued June 18, affirmed as modified August 20,
reconsideration allowed, former opinion, as modified,
adhered to (42 Or App 535, 601 P2d 487) October 8,
petition for review allowed November 20, 1979

SHIPLER et ux,
*Appellants,*
*v.*
VAN RADEN et al,
*Respondents.*

(No. 18-253 CA 11599)

SHIPLER et ux,
*Respondents,*
*v.*
VAN RADEN et al,
*Appellants.*

(No. 18-253 CA 11599)

599 P2d 1141

H. William Barlow, Salem, argued the cause for appellants/respondents, Tom Shipler and Betty D. Shipler. With him on the briefs was Allen, Stortz, Barlow, Fox & Susee, Salem.

Asa L. Lewelling, Salem, argued the cause for respondents/appellants, Kenneth H. Van Raden and Susan Lee Van Raden, Nita Wagner, and The Lewelling Corporation, Salem.

Before Schwab, Chief Judge, and Lee and Roberts, Judges.

LEE, J.

**LEE, J.**

The questions presented by this appeal are whether defendants breached certain restrictive covenants, thereby causing injury to plaintiffs' view, and whether attorney fees should have been awarded to defendants. Plaintiffs are the owners of a lot within an ocean front subdivision known as Kiwanda Shores. Defendant Lewelling Corporation is the common grantor and defendants Van Raden are the owners of the lot immediately to the north of plaintiffs'. Plaintiffs sought both damages and a prohibitory injunction barring the construction of a dwelling on the Van Raden lot, contending that it would have violated the restrictive covenants to which all lots in the subdivision are subject. Defendants Van Raden filed a counterclaim for malicious prosecution. The trial court denied the requested injunction and refused to award damages to either plaintiffs or the Van Radens. In addition, the court denied costs to either party but awarded attorney fees to defendants in the amount of $2,016.

On appeal, plaintiffs maintain that it was error to refuse the requested injunction and to award defendants attorney fees. However, while the appeal was pending before this court, the trial court modified the original decree by deleting the award of attorney fees. Defendants appeal from that modification.

Under the terms of the restrictive covenants, the pertinent part of which is reproduced in the margin,[1]

---

[1] Article IV of the Amended Declarations for Kiwanda Shores provides:

"* * *

"(b) The design, specification, color grade, plot plan and location of every building, planting, fence, outbuilding, swimming pool structure, or other improvement of any nature whatsoever, the facilities thereon, and future changes, reconstructions or additions thereto must have prior written approval of The Lewelling Corporation as to location of the improvement with respect to property and building, set back lines, quality of workmanship and materials, and location with respect to topography and finish grade elevation, before work is commenced.

lot owners are required to submit building plans to a design committee set up by the corporation prior to the commencement of construction. This allows the committee time to review the plans to determine whether a proposed structure conforms to the general objectives set forth in the covenants. There are several specifically delineated requirements that must be satisfied,including setback, floor area, gable height and the nature of the foundation.[2] An additional requirement is that "[p]lot plans * * * show careful consideration for preservation of the view for adjacent properties".

The dispute in this case began when plaintiffs realized that the dwelling being built on the Van

---

Plans shall be submitted to: Design Committee, The Lewelling Corporation, 1067 S.E. 31st, Lincoln City, Oregon 97367. Design Committee shall render its decision with respect to the proposal within 30 days after it has received all material required by it with respect thereto.

"Plans submitted for approval shall be sufficiently detailed to tell the reviewer exactly what is planned. Building plans shall consist of the following minimum information: plot plan, floor plans, front, side and rear elevations, and drainage tiles and culverts clearly marked, type and class of exterior material, exterior finish and color to be used, and such construction details as are necessary to show stability. Masonry exterior, except trim and vivid colors will not be considered compatible. All structures shall have a continuous concrete foundation.

"Plot plans should show careful consideration for preservation of the view for adjacent properties. No view obstructing fence or planting may be used except for immediate privacy, such as between outdoor living areas of two adjacent properties.

"* * *

"(v) No dwelling shall be permitted on any site within the said plat of less than a ground floor area of 900 square feet, exclusive of garages. All dwellings shall have a maximum gable height of fifteen feet above the grade of the adjacent roadway, excepting only those structures presently in existence.

"(w) No dwelling shall be built nearer than 20 feet to the street line which such building faces and not less than 20 feet from any street on the side of such dwelling. All structures shall be not less than 5 feet from any side property line. No part of any structure shall be closer than 20 feet from the westerly line of lots contained in said blocks."

[2] *See* note 1 *supra.*

[428]

Raden lot would obstruct their view of the coastline to the north, including a portion of Cape Kiwanda. At that time, no plans for the Van Raden building had been submitted to the corporation design committee. Plaintiffs filed suit, and defendants Van Raden filed their building plans with the committee. The plans were promptly approved. The gravamen of plaintiffs' complaint is that the Van Raden structure, now completed, does not "show careful consideration for preservation of the view of" their property because it is located seven feet farther to the west than plaintiffs'.[3] We disagree.

Restrictive covenants are to be construed in the light of reasonableness under the circumstances. *Swaggerty v. Peterson,* 280 Or 739, 744, 572 P2d 1309 (1977); *Alloway v. Moyer,* 275 Or 397, 550 P2d 1379 (1976); *Hanson v. Salishan Properties, Inc.,* 267 Or 199, 515 P2d 1325 (1973). We cannot say that the siting of the Van Raden house transcends the bounds of reasonableness under the circumstances. Our de novo review of the record, including the photographic exhibits, shows that the Van Raden house does indeed impair plaintiffs' view to some extent. Nevertheless, as observed by the trial court,

> "most of Cape Kiwanda is still readily visible from plaintiffs' home. It is also apparent that defendants' home and the Graham home [just to the north of defendants'] were built in relation to a natural curve of the beach and the bank riprap to the west. It is also established that the Graham house construction was started before the Van Raden house and the Graham house projects more to the west than the Van Raden house being thereby an even greater impediment to plaintiffs' view. Defendants Van Raden took this into account when establishing their building line and made sure that they would project no farther than the

---

[3] Plaintiffs also objected to the late filing of the building plans. However, we believe the Van Radens' tardiness did not itself affect plaintiffs' rights so substantially as to warrant reversal or modification. ORS 19.125.

Graham house in relation to plaintiffs' home. Furthermore, when plaintiffs knew that all the subdivision lots were of equal width (60 feet) it should have seemed apparent that any house built on the adjacent lots would tend to impair views both north and south."

We conclude that the Van Raden home does not constitute a material departure from the intendments of the covenants. Therefore, the defendant corporation's approval of the plans and the Van Radens' acts in erecting the structure do not constitute breaches of their duties under the covenants.

■■ Defendants' appeal with regard to attorney fees correctly asserts that the trial court was without jurisdiction to modify its earlier award during the pendency of the proceedings in this court. *State ex rel Juvenile Department v. Cole,* 280 Or 173, 570 P2d 365 (1977); *State v. Jackson,* 228 Or 371, 365 P2d 294 (1961). However, we conclude that under *Pritchett v. Fry,* 286 Or 189, 593 P2d 1133 (1979), the original award was in error. In *Pritchett,* the Supreme Court held that whenever a statute distinguishes between attorney fees and costs, reasonable attorney fees are recoverable only if they are pleaded and proved at trial. 286 Or at 192-93. Defendants claim to attorney fees was made pursuant to ORS 20.096, which provides in pertinent part:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to *reasonable attorney fees in addition to costs and necessary disbursements.*" (Emphasis supplied.)

Assuming, for the sake of argument, that the statute would be otherwise applicable, defendants' amended answer contains neither pleadings nor a prayer for attorney fees and there was no evidence concerning

attorney fees adduced at trial. Therefore, the award of fees was improper.

Affirmed as modified.