## STATE ex rel STEVENSON,
### *Appellant,*
#### *v.*
## YOUTH ADVENTURES,
### *Respondent.*

### (No. A7711-16006, CA 12688)

600 P2d 880

Karen H. Green, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

J. Bradford Shiley, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The plaintiff Labor Commissioner brought this action as assignee of two former employes of the defendant employer alleging the failure of the employer to pay its assignor-employes required overtime wages. A jury returned a verdict in favor of the employer. The defendant moved for an award of attorney fees. The Labor Commissioner argued that there was no statutory authority for such fees. The trial court awarded defendant attorney fees. The Labor Commissioner appeals only on that issue. We conclude the defendant is not statutorily entitled to attorney fees.

The relevant statutes are complicated. ORS ch 652 governs claims for unpaid agreed wages. ORS ch 653 governs claims for unpaid minimum and overtime wages. In addition to authorizing an aggrieved employe to sue his employer, both ORS ch 652 and ch 653 authorize the Labor Commissioner to assert claims on behalf of aggrieved employes.

■ As to *agreed* wage claims, ORS 652.330(1)(b) provides:

"(1) The commissioner shall enforce ORS 652.310 to 652.405 and to that end he may:

" * * * * *

"(b) Take assignments, in trust, of wage claims or judgments thereon, liens and other instruments of security for payment of wages for the assigning employes, spouse, parent or legal guardian, having a right to the wages of such employe. All such assignments shall run to the commissioner and his successor in office. The commissioner may sue employers on wage claims and other persons or property liable for any payment thereof thus assigned with the benefits and subject to existing laws applying to actions by employes for collection of wages. He is entitled to recover, in addition to other costs, such sum as the court or judge may adjudge reasonable as attorney's fees. He may join in a single proceeding and in one cause of action any number of wage claims against

the same employer. If the commissioner does not prevail in such action, he shall pay all costs and disbursements from the Bureau of Labor Account."

This statute provides for an award of attorney fees to the Labor Commissioner if he prevails; it does not provide for an award of attorney fees to the defendant-employer if it prevails.

As to *minimum/overtime* wage claims, prior to the adoption of Oregon Laws 1977, ch 513, ORS 653.055(3) provided:

"The Labor Commissioner has the same powers and duties in connection with a wage claim based on ORS 653.010 to 653.261 [the minimum/overtime wage statutes] as he has under ORS 652.310 to 652.445 [the agreed-wage statutes]."

This statute did not define the procedures for the Labor Commissioner to assert minimum/overtime claims; it just said the procedure to assert them was the same as the procedure to assert agreed-wage claims. Then, as now, ORS 652.330(1)(b), governing agreed-wage claims, only authorized payment of a prevailing defendant's "costs and disbursements." So before 1977 there was no distinction between minimum/overtime wage claims and agreed-wage claims. A prevailing defendant was not entitled to attorney fees in either situation.

■ Oregon Laws 1977, ch 513, amended ORS 653.055(3) by adding the emphasized language:

"(3) The Labor Commissioner has the same powers and duties in connection with a wage claim based on ORS 653.010 to 653.261 as he has under ORS 652.310 to 652.445[.] *and in addition he may, without the necessity of assignments of wage claims from employes, initiate suits against employers to enjoin future failures to pay required minimum wages or overtime pay and to require the payment of minimum wages and overtime pay due employes but not paid as of the time of the filing of suit. The Labor Commissioner is entitled to recover, in addition to other costs,*

*such sum as the court or judge may adjudge reason-*
*able as attorney fees. He may join in a single proceed-*
*ing and in one cause of suit any number of wage*
*claims against the same employer. If the commission-*
*er does not prevail in such action, he shall pay all*
*costs, disbursements and such sum as the court or*
*judge may adjudge reasonable as attorney fees from*
*the Bureau of Labor Account."* (Emphasis supplied.)

The question is: What is the "such action" referred to in the last sentence in which a prevailing defendant is entitled to attorney fees?

Defendant contends that "such action" refers to all of ORS 653.055(3), that is, that a prevailing defendant is entitled to attorney fees in all cases brought by the Labor Commissioner for minimum or overtime wages. The Labor Commissioner contends that "such actions" refers to the new proceeding created by Oregon Laws 1977, ch 513, that is, suits for equitable relief and actions for minimum/overtime wages brought without assignments from the affected employes.

Neither suggested construction is wholly rational. The defendant would have us hold that a prevailing defendant-employer: (1) *is* entitled to attorney fees when the Labor Commissioner asserts a claim for minimum/overtime wages; but (2) *is not* entitled to attorney fees when the Labor Commissioner asserts a claim for *agreed* wages. The Labor Commissioner's position would result in a prevailing defendant-employer: (1) being allowed attorney fees if the Commissioner sued for minimum/overtime *without* assignments from the affected employes; but (2) not being allowed attorney fees if the Commissioner sued for minimum/overtime wages *with* assignments from the affected employes. Either approach results in at least somewhat discordant treatment of fundamentally similar situations.

While the language of the 1977 amendment is certainly not free from doubt, we conclude that it is more likely that when this language was before the

legislature in bill form the reference to attorney fees for a prevailing defendant "in such action" was understood to mean the new causes of action created by the 1977 amendment: proceedings for injunctive relief and to recover minimum/overtime wages without assignments from the affected employes. The amendment thus did not change the pre-1977 law to the effect that a prevailing defendant was not entitled to attorney fees in either minimum/overtime wage cases or agreed wage cases in which the Labor Commissioner sued as assignee of the affected employes.

In this case, the Labor Commissioner sued as assignee of the affected employes. Therefore, defendant was not entitled to attorney fees.

Reversed and remanded.

**BUTTLER, J.,** dissenting.

Plaintiff Labor Commissioner brought this action as assignee of two former employees of defendant employer, Youth Adventures, alleging the willful failure of the employer to pay its employees overtime wages. Following a jury verdict in its favor the employer filed a cost bill requesting, in addition to costs, $3,011 for attorney's fees. The Commissioner's objection that there was no statutory authority for allowing the employer attorney's fees was overruled, and he appeals from the order awarding the employer attorney's fees.[1] I would affirm, and therefore dissent.

The employer's claim to entitlement to attorney's fees is based upon the provisions of ORS 653.055(3), which provides:

> "The Labor Commissioner has the same powers and duties in connection with a wage claim based on ORS 653.010 to 653.261 as he has under ORS 652.310 to 652.445 and in addition he may, without the necessity of assignments of wage claims from

---

[1] No issue was raised in the trial court, or in this court, with respect to the pleading of entitlement to attorney's fees, or to the proof thereof. *See Pritchett v. Fry,* 286 Or 189, 593 P2d 1133 (1979).

employes, initiate suits against employers to enjoin future failure to pay required minimum wages or overtime pay and to require the payment of minimum wages and overtime pay due employes but not paid as of the time of the filing of suit. The Labor Commissioner is entitled to recover, in addition to other costs, such sum as the court or judge may adjudge reasonable as attorney fees. He may join in a single proceeding and in one cause of suit any number of wage claims against the same employer. If the commissioner does not prevail in such action, he shall pay all costs, disbursements and such sum as the court or judge may adjudge reasonable as attorney fees from the Bureau of Labor Account."

The Commissioner, on the other hand, contends that this action was not brought under that section, but was brought under ORS 652.330(1)(b), which provides:

"(1) The commissioner shall enforce ORS 652.310 to 652.405 and to that end he may:

"* * * * *

"(b) Take assignments, in trust, of wage claims or judgments thereon, liens and other instruments of security for payment of wages for the assigning employes, spouse, parent or legal guardian, having a right to the wages of such employe. All such assignments shall run to the commissioner and his successors in office. The commissioner may sue employers on wage claims and other persons or property liable for any payment thereof thus assigned with the benefits and subject to existing laws applying to actions by employes for collection of wages. He is entitled to recover, in addition to other costs, such sum as the court or judge may adjudge reasonable as attorney's fees. He may join in a single proceeding and in one cause of action any number of wage claims against the same employer. If the commissioner does not prevail in such action, he shall pay all costs and disbursements from the Bureau of Labor Account."

In so contending, however, the Commissioner recognizes that the claims for overtime here involved are not derived from ORS chapter 652, but arise out of ORS chapter 653, in particular, ORS 653.261, and

regulations promulgated thereunder, the enforcement of which is authorized by the provision of ORS 653.055(3) which states that the Commissioner has the same powers and duties with respect to wage claims based on ORS 653.010 to 653.261[2] (overtime and minimum wage) as he has under ORS 652.310 to 652.445 (regular wages).

The Commissioner's principal contention is that the provisions of ORS 653.055(3) apply only to suits brought by the Commissioner for injunctive relief without first obtaining wage assignments, and therefore is inapplicable to this proceeding. The majority opinion accepts that contention, but I do not think that section may be read so narrowly. The first phrase of subsection (3) makes it clear that the Commissioner has the same powers and duties to enforce overtime and minimum wage claims as he has under the sections of ORS chapter 652 relating to regular wage claims. As pointed out above, the Commissioner relies on this phrase for authority to maintain this action which is not authorized by the terms of ORS 652.330(1)(b) alone. But after accepting the benefits of that grant of authority under ORS 653.055(3), the

---

[2] ORS 653.261(1) provides:

"The commission may issue rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employes. Such rules may include, but are not limited to, minimum meal periods and rest periods, and maximum hours of work, but not less than eight hours per day or 40 hours per week; however, after 40 hours of work in one week overtime may be paid, but in no case at a rate higher than one and one-half times the regular rate of pay of such employes when computed without benefit of commissions, overrides, spiffs and similar benefits.

With respect to minimum wages, ORS 653.025 provides:

"Except as provided by ORS 652.020 and the rules of the commission issued under ORS 653.030 and 653.261, for each hour of work time that the employe is gainfully employed, no employer shall employ or agree to employ any employe 18 years of age or older at wages computed at a rate lower than:

"(1) For calendar year 1975, $2.10.

"(2) For calendar years after December 31, 1975, $2.30."

Commissioner would have us shift over to ORS 652.330(1)(c) to gain the advantage of his entitlement to an award of attorney's fees if he prevails and to avoid the burden of liability for such fees if the employer prevails. Absent a clear legislative mandate, I see no reason to adopt such a self-serving construction.

After granting the Commissioner authority to enforce overtime and minimum wage claims in the first phrase, subsection (3) goes on to say that in addition he may, without the necessity of assignment of wage claims, bring suit to enjoin employers from future failures to pay required minimum wages or overtime pay, and may also require payment of minimum wages and overtime pay due but not paid as of the time of the filing of the suit. I do not read the subsection to mean that the Commissioner may not bring an action to require the payment of minimum wages and overtime pay if the claims have been assigned to the Commissioner, or without making such claim ancillary to a suit for injunction. Rather, the entire subsection, taken as a whole, contains a mixed bag of remedies for enforcing overtime and minimum wage requirements without the necessity of obtaining wage assignments.

The fact that overtime and minimum wage claims may be enforced in a manner different from ordinary wage claims under ORS chapter 652 is a legislative choice which is not devoid of rationality. We need not attempt to justify the prevailing employer's right to attorney's fees in one kind of claim asserted by the Commissioner, but not in the other.[3] It should be noted, however, that the language of ORS 653.055(3) authorizing a conglomerate of remedies and attorney's fees to the prevailing party was added in 1977 (Oregon Laws 1977, ch 513, § 1), and is consistent with the trend in the law governing the private sector allowing

---

[3] In neither kind of claim is the prevailing employer entitled to attorney's fees if the claim is asserted by the employee, even though the prevailing employee is entitled to such an award. ORS 652.200; 653.055(1).

attorney's fees to the prevailing party even though a contract provides that only one of the parties shall be entitled to such an award. *See* ORS 20.096.

I conclude, therefore, that ORS 653.055(3) authorizes the Commissioner to maintain this action to collect overtime pay allegedly due from the employer, whether or not the claims have been assigned to him. A necessary result of the majority opinion is that the Commissioner may not proceed under this section, but without its authority he may not proceed at all on overtime and minimum wage claims. Because I think this section authorizes this action, its provisions for the award of attorney's fees in favor of the employer against the Commissioner if the Commissioner does not prevail are applicable to this proceeding.