On respondent's Van Radens' petition for reconsideration filed September 11, former opinion filed August 20 (41 Or App 425, 599 P2d 1141), petition for reconsideration granted; former opinion, as modified, adhered to October 8, 1979

SHIPLER, et al,
*Appellants,*

*v.*

VanRADEN, et al,
*Respondents.*

(No. 18-253, CA 11599)

SHIPLER, et al,
*Respondents,*

*v.*

VanRADEN, et al,
*Appellants.*

(No. 18-253, CA 11599)

601 P2d 487

Asa L. Lewelling, Salem, for petition.

Before Schwab, C. J., and Lee, Gillette, and Campbell, Judges.

LEE, J.

**LEE, J.**

Defendants' petition for reconsideration concerning denial of attorney fees is granted. That portion of the opinion, which states that "* * * defendants' amended answer contains neither pleadings nor a prayer for attorney fees and * * *" is withdrawn.[1] As modified, the opinion is adhered to.

Reaffirmed as modified.

---

[1] Defendants Van Raden's answer did not seek attorney fees, but defendant Lewelling Corporation's answer did pray for "attorney's fees in the amount of $1,000.00". There was no mention of attorney fees during the trial. At the close of the trial, the court granted Lewelling Corporation's demurrer and subsequently ordered summary judgment in favor of defendants Van Raden. There was no stipulation that the prevailing party might subsequently offer evidence of a reasonable attorney fee. There was no motion to reopen the case.

On the date when the decree was entered, counsel for all defendants filed a "Motion for the Allowance of Attorney's Fees" in the sum of $2,016.00 relying on ORS 20.096 which provides for "attorney fees in addition to costs". The motion was supported by an affidavit detailing the time expended in defending on behalf of all defendants. Plaintiffs did not resist the motion. The court entered judgment against plaintiffs for $2,016.00.

*After* the notice of appeal had been filed, upon motion of plaintiffs, the court erroneously amended the decree by striking the $2,016.00. *However,* defendants' foregoing procedure failed to comply with the requirement of *Pritchett v. Fry,* 286 Or 189, 593 P2d 1133 (1979), which is applicable, because ORS 20.096 distinguishes attorney fees from costs so they may be recovered "only if they are pleaded and proved at trial." 286 Or at 193.

In effect, defendants presented a cost bill seeking attorney fees contemporaneously with the judgment order.