Argued and submitted February 5, modified and remanded March 25, 1980

SHIPLER, et ux,
*Respondents,*
*v.*
VAN RADEN, et al,
*Petitioners.*

(TC 18-253, CA 11599, SC 26471)

608 P2d 1162

Asa L. Lewelling, Salem, argued the cause and filed the brief for petitioners.

H. William Barlow, Salem, argued the cause and filed the briefs for respondents.

Before Denecke, Chief Justice, and Tongue, Howell, Lent, Linde** and Peterson, Justices.

LENT, J.

**Linde, J. did not partipate in this decision.

**LENT, J.**

The issue is whether, in a suit in equity, a party seeking attorney fees under ORS 20.096(1) must adduce his evidence on attorney fees before the trial court has rendered the decision which will determine who is the prevailing party. We hold that is not necessary.[1]

That section of the code provides:

> "In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."[2]

The contractual provision is:

> "In the event that suit or action shall be brought to enforce any condition, covenant or restrictions herein contained, the person or persons bringing such suit or action shall be entitled to recover from the defendants therein such amount as the Court shall adjudge reasonable for attorneys' fees in such suit or action, * * * ."

Plaintiffs sought to enforce covenants of the contract by a request for injunction to prevent their neighbors, defendants Van Raden, and Van Radens' builder, Wagner, from completing construction of a house and sought damages. Joined as defendant was the Lewelling Corporation (Lewelling), a party to the contract and the common grantor of the two parcels of real property. All defendants denied plaintiffs were entitled to any relief. Additionally, Van Radens counterclaimed for damages on a cause of action for malicious prosecution and for attorney fees. They alleged they suffered damages of $500 attorney fees by reason of the alleged malicious prosecution but did not plead

---

[1] There was no petition for review in this case on anything but the matter of attorney fees. We allowed review on that matter only.

[2] Plaintiffs do not question the applicability of the statute.

[737]

the contractual provision concerning attorney fees. Lewelling by affirmative answer sought attorney fees of $1,000, pleading the contractual provision as the basis therefor. Wagner's answer had no prayer.

Following the presentation of evidence the trial court took the case under advisement. Later the court advised counsel by letter of the decision on the merits, denying the requested injunction and damages and held against Van Radens on their counterclaim for damages. The trial court requested that counsel for defendants prepare a form of decree. Counsel for defendants filed a "Motion for Allowance of Attorney's Fees" supported by affidavit of the lawyer who acted as counsel for all defendants. By this affidavit he set forth a detailed statement of time spent for all defendants (excluding time spent on Van Radens' counterclaim). The trial court held the motion for several days and then, without hearing thereon, signed the decree prepared by defendant's counsel, *inter alia*, denying costs and disbursements to all parties but allowing to all defendants judgment for attorney's fees of $2,016, the amount asked for in the motion and affidavit.

Plaintiffs filed a motion to amend the decree to eliminate the award of attorney fees, but before the motion was heard, plaintiffs appealed to the Court of Appeals, assigning as error the trial court's decision on the merits of plaintiff's claims, ORS 19.125(3), and the allowance of any attorney fees to the defendants. The trial court entered an order to amend the decree by striking the allowance of attorney fees. Defendants cross-appealed from that order.

The Court of Appeals affirmed the trial court on its decision on the merits of plaintiffs' claim. The Court of Appeals agreed with defendants' contention that the trial court had no jurisdiction to delete the award of fees but held that defendants were not entitled to attorney fees because they had neither pleaded nor prayed for attorney fees and had adduced no evidence

thereon at trial. *Shipler v. Van Raden*, 41 Or App 425, 599 P2d 1141 (1979).

The Court of Appeals granted defendants' petition for reconsideration and withdrew the portion of its original opinion that found that there was no pleading or prayer for attorney fees. *Shipler v. Van Raden*, 42 Or App 535, 601 P2d 487 (1979). That court adhered to its decision that defendants were not entitled to attorney fees because: (1) No evidence on that issue was introduced during trial. (2) There was no stipulation that the matter could be considered after determination by the trial court on the merits, whereby the prevailing party would be identified. (3) There was no motion to reopen the case. (4) "In effect, defendants presented a cost bill seeking attorney fees contemporaneously with the judgment order." 42 Or App at 537, n. 1. The Court of Appeals found this procedure to be impermissible under this court's decision in *Pritchett v. Fry,* 286 Or 189, 593 P2d 1133 (1979).

We allowed review, ORS 2.520, 288 Or 113, to consider the issue posed at the outset of this opinion.

Neither *Pritchett v. Fry, supra,* nor *Pacific N.W. Dev. Corp. v. Holloway,* 274 Or 367, 546 P2d 1063 (1976), upon which we relied in *Pritchett,* is directly controlling in this suit. Both of those cases were concerned with forcible entry and detainer actions and the fixing and awarding of attorney fees under ORS 91.755:

"In any action on a rental agreement or arising under ORS 91.700 to 91.895, reasonable attorney fees may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

On the other hand *Pritchett* points to the treatment in our decisions of the difference between those statutes which provide for attorney fees to be awarded in the manner of costs and disbursements and those

[739]

statutes which do not provide for that mode. Insofar as the *language* of ORS 20.096(1) and ORS 91.755 is concerned there appears to be no reason to say that, as such, ORS 20.096(1) requires anything different than ORS 91.755.[3]

Before examining the holding in *Pritchett*, we turn to some language in *Pritchett* that may be overbroad. We there said that where attorney fees are properly recoverable, but not as a part of "costs," they (286 Or at 191)

> "must be alleged and proven as part of the trial, and the amount of recovery is a question for the trier of the facts. *State High. Com. et al v. Kendrick et al*, 227 Or 608, 363 P2d 1078 (1961); *Draper v. Mullennex*, 225 Or 267, 357 P2d 519 (1960)."

The quoted matter is supported by *language* in *State High. Com. et al v. Kendrick et al*, 227 Or 608, 363 P2d 1078 (1961), but that language was not apposite to the case before the court.

The *Kendrick* case was a condemnation proceeding in which attorney fees were recoverable under a statute (227 Or at 609, n. 1):

> "The costs and disbursements of the defendants, including a reasonable attorney's fee to be fixed by the court, shall be taxed by the clerk * * *."

A jury had awarded defendants damages in an amount which entitled the defendants to attorney fees under that statute. The awarding of attorney fees under that statute was not committed to the jury, which was the trier of facts on the merits of the value of the property taken. The award was not made by the jury based on evidence adduced at trial. Rather, the award was made by the trial judge upon a hearing after verdict.

The other case, *Draper v. Mullennex et al*, 225 Or 267, 357 P2d 519 (1960), relied upon in *Pritchett* for

---

[3] We note differences in the two statutes. ORS 20.096(1) is in mandatory terms. *See, Stark Street Properties v. Teufel*, 277 Or 649, 562 P2d 531 (1977). ORS 91.755 is in permissive terms, but *cf., Executive Mgt. Corp. v. Juckett*, 274 Or 515, 519, 547 P2d 603 (1976). Moreover, the former clearly applies to both actions and suits while the latter *may* be applicable only to actions.

the matter above quoted does not contain any statement that the issue of attorney fees is to be submitted "as part of the trial." In that case a plaintiff sought to recover attorney fees in an action at law but pleaded no statute or contract as authorization for an award. The issue was whether the allegations and prayer concerning attorney fees were surplusage and could therefore be disregarded in determining whether the cause was within the monetary jurisdiction of the district court. The decision does contain language that if a party seeks to recover attorney fees other than the "costs" provided by ORS 20.070, "then the right to such recovery should be particularly pleaded and proved." 225 Or at 271.

It is seen that neither *State High. Com. et al v. Kendrick et al, supra,* nor *Draper v. Mullennex, supra,* involved a situation in which the issue was whether attorney fees had to be proven in the case in chief of the party seeking the fees. Language in those cases which so stated or implied was not necessary to decision. Our attention in *Pritchett* to that language in those cases was really not necessary to our decision in *Pritchett.*

We now examine the actual holding in *Pritchett.* That was a landlord's wrongful detainer action to gain possession of the rented premises. ORS 105.105 to 105.160. Defendant tenant's answer denied the detainer was wrongful and, without any affirmative allegation of a right to recover attorney fees, prayed for judgment in her favor and "that defendant be awarded reasonable attorneys' fees and her costs and disbursements incurred herein." Oregon Briefs, vol. 2421, 2/165, Ab. A-2. The trial judge, on plaintiff's motion, struck the prayer for attorney fees. The decision of the trial judge on the merits established defendant as the prevailing party for the purposes of ORS 91.755 and the judge signed a judgment to that effect, which included a "_____" for "costs and disbursements." Defendant filed a "Bill of Disbursements"

containing an item, "Attorneys' Fees ＿＿＿＿＿," and therewith filed an affidavit detailing counsel's time, an assertion of an hourly rate and an allegation of reasonableness of the amount sought for such fees. There were two "hearings" on the claim for attorney fees but nothing to indicate that evidence was taken other than the affidavit. The trial judge made an award of attorney fees. Upon appeal plaintiff contended that in the absence of his agreement to allow the trial judge to proceed in this manner, defendant was not entitled to an award of attorney fees with no foundation in the pleadings and evidence. Defendant's position was that under ORS 91.755 attorney fees were recoverable in the manner of costs and disbursements and plaintiff had been put upon proper notice of defendant's intent to claim such fees by the prayer. The Court of Appeals, *Pritchett v. Fry*, 34 Or App 165, 578 P2d 443 (1978) affirmed, holding that attorney fees under the statute were to be determined procedurally with the cost bill.

On review, *Pritchett v. Fry*, 286 Or 189, 593 P2d 1133 (1979), we held that under ORS 91.755 attorney fees were recoverable only if pleaded and proved at trial, rejecting the contention that they were to be treated in the manner of, or as a part of, costs and disbursements. Other than in the overbroad language from *Pritchett* discussed earlier herein, there is no indication that the evidence must be taken prior to determining which party is entitled to attorney fees. Our precise holding on the record before us in *Pritchett* was nothing more than that such fees were not to be treated as a part of costs. That holding was dispositive of the case, and we had no occasion to determine whether evidence had to be presented on the issue of fees prior to identification of the prevailing party and, if so, whether the issue of attorney fees had to be submitted to the jury.[4]

[4] Neither this case nor *Pritchett v. Fry*, 286 Or 189, 593 P2d 1133 (1979), is concerned with the issue of whether in an action at law under ORS 91.755 or 20.096(1) a party is entitled to a trial by jury on the matter of attorney fees.

We turn now to the more recent of prior decisions of this court touching upon the procedure for allowance of attorney fees under ORS 20.096(1).

*Dean Vincent, Inc. v. Krishell Lab.*, 271 Or 356, 532 P2d 237 (1975), was an action at law in which plaintiff sought attorney fees pursuant to ORS 20.096(1) and defendant counterclaimed for attorney fees. Two days prior to the date fixed for trial plaintiff requested and was granted judgment of voluntary nonsuit. Defendant then unsuccessfully attempted to obtain an award of attorney fees by cost bill. Having failed, defendant filed a petition for the allowance of attorney fees on its counterclaim. The trial judge denied the petition on the ground that the judgment of nonsuit without prejudice did not establish defendant as the prevailing party under ORS 20.096(1). We reversed, holding that defendant was the prevailing party under the statute, that plaintiff was on proper notice of the claim for fees and that, in the circumstances, the petition for allowance of fees filed after the entry of the judgment of nonsuit was procedurally proper. We also held that the words "at trial" in the statute did not mean the trial of an issue of fact, but rather were used by the legislature to distinguish between proceedings at the trial court level and those on appeal.

*Hiestand v. Wolfard*, 272 Or 222, 536 P2d 520 (1975), was an action at law in which plaintiff sought a broker's commission and attorney fees pursuant to contract. The case was tried without a jury. Neither party presented evidence on the issue of attorney fees during the trial. There was no stipulation that the court could allow fees without evidence on the issue. After receiving a letter opinion in his favor on the merits concerning the matter of the broker's commission, defendant submitted a motion for allowance of attorney fees. The motion was set for hearing, and defendant adduced evidence, upon which the trial court set and allowed fees. At the hearing plaintiff objected to the taking of any evidence on the sole

ground that the defendant was required to introduce such evidence during the "trial on the merits." We noted that the trial judge, in ruling on the objection, had stated that he would not have allowed such evidence during the trial on the merits because it would have been "superfluous" prior to determination that defendant was the prevailing party under the statute. We affirmed, upon the authority of the trial judge to regulate the order of proof, ORS 17.215,[5] and the discretionary power of the trial court to permit reopening of a case to hear additional evidence.

*Gorman v. Boyer,* 274 Or 467, 547 P2d 123 (1976), was an action at law on a contract which provided for attorney fees to plaintiff. Both parties requested attorney fees in their pleadings. The case was tried without jury. There was no stipulation concerning the proof of fees. Neither party offered any evidence on the issue of fees. The trial judge took the case under advisement and by letter opinion informed the parties of his decision for the defendant on the merits. Findings of Fact, Conclusions of Law and Judgment were then entered in favor of defendant, allowing costs to defendant in "_____" amount, as the judgment was signed and filed. Defendant then first sought an allowance of attorney fees by cost bill, to which plaintiff objected. Defendant then filed a petition for allowance of fees, based upon a "statement" of time devoted to the case. The trial judge denied the petition on the ground of want of stipulation and want of evidence. On defendant's appeal we held that attorney fees were not to be recovered by way of "costs" under ORS 20.096(1); however, we said that in a case tried without a jury it made little sense to require evidence of fees during the trial on the merits, "even in the absence of a stipulation permitting the trial court to make a subsequent determination of attorney fees." 274 Or at 471. We said that it was "proper" to await decision on the

---

[5] ORS 17.215 has been repealed, Or Laws, 1979, ch 284, § 199, and is superseded by ORCP 58 A.

merits and then file a petition for allowance of attorney fees. Hearing could then be held on the petition. We held, however, that such a petition should be filed prior to final judgment. We noted that defendant had not requested the "reopening of the judgment" to file his petition and that the trial court would not be reversed for denying the petition.[6]

From the three cases just reviewed appears a construction of ORS 20.096(1), in which, even in the absence of a stipulation to reserve the matter, this court recognizes that in a case tried without a jury evidence on the matter of attorney fees need not be presented until the "prevailing party" has been identified by the trial judge's disposition of the case on other issues. Only in *Gorman v. Boyer, supra*, of those three did we hold that attorney fees were properly denied by the trial court, and that was on the basis that the prevailing party had not properly invoked the trial judge's attention to the matter. Even in that case we indicated a preference for awaiting the trial judge's identification of the "prevailing party" before requiring evidence on the matter of fees.[7]

It appears from the decisions in the actions at law above reviewed that under either ORS 91.755 or 20.096(1) the trial court cannot, in the absence of stipulation to the contrary, award attorney fees in the manner of, or as a part of, costs and disbursements. Rather a basis for an award of fees must be found in the pleadings, and evidence must be taken to support the award. In *Pritchett* it was unnecessary to decide whether the evidence had to be submitted to the jury, which tried all other issues, because the party objecting to the award of fees prevailed in this court without our reaching that question. All of those actions but

---

[6] Our statement that the trial judge did not abuse his discretion in declining to reopen for the purpose of considering the petition for attorney fees is somewhat mysterious in light of our observation that defendant had made no such request.

[7] In none of these three cases just reviewed did we have reason or occasion to pass upon the right to jury trial on the issue. *See* n. 4, *supra*.

[745]

*Pritchett* were tried without a jury, and we have noted that, absent the trial judge's order to the contrary, it is preferable to await identification of the prevailing party before requiring evidence to support the award of fees.

There appears to be no reason for a different preference in a suit in equity. It seems unnecessary to burden the parties and the judge with production of evidence by one or more parties who, in the end, will not prevail and will not be entitled to fees under ORS 20.096(1). In many instances in suits in equity post trial briefing is required, which substantially increases the time spent by counsel on the case. If every party in a suit had to produce his evidence on attorney fees before the close of evidence taking, a witness testifying on the matter would generally have to limit his testimony to the parties' respective prognostications of time to be spent on trial. The matter of post trial but predecision work of counsel would require additional hearing and evidence in any event.

On the other hand one might suppose that a party who has not prevailed, within the meaning of the statute, might wish to adduce evidence and to have the trial judge indicate what would be a reasonable attorney fee for that party had that party prevailed. We have in mind that the court to which appeal is taken, ORS 19.125(3), may reverse on the facts, and in such case the trial court will be in the position of having to make an award of attorney fees under the statute to the successful appellant for that party's fees incurred in the trial court. Whether a trial judge should require or allow such evidence by a party not initially prevailing is a decision which, we believe, may be resolved by the trial judge in each case without the imposition of a general rule by this court.

We hold, therefore, that in a suit in equity, unless the trial judge shall otherwise request, no party must present evidence on attorney fees for the purposes of ORS 20.096(1) until the trial court's decision shall

have identified that party who is the prevailing party under the statute.

Having determined that *Pritchett* is not controlling in this case, we must reach other matters raised by plaintiffs in connection with their assignment of error in the Court of Appeals on the trial court's award.

The trial court's judgment for attorney fees was in favor of all defendants. It cannot stand at all in favor of defendants Van Raden and Wagner and the trial court judgment in favor of each of those defendants for attorney fees is reversed.

Wagner was not a party to the contract and did not assert in her answer any rights under the contract and ORS 20.096(1).[8] Her answer contained no prayer for any relief in her favor. There is simply no basis in the pleadings for judgment for attorney fees for her.

Van Radens did not plead the contract or the statute as a basis for their claim of attorney fees. Their asserted basis for such fees was a claim of damages in their counterclaim for malicious prosecution. The trial court's decision against them on that counterclaim is undisturbed. The claim for damages by way of attorney fees fell with the rest of their claims for damages for malicious prosecution.

Lewelling's judgment for attorney fees has a basis in the pleadings but, as yet, none in the evidence. Lewelling has been identified by the trial judge as a prevailing party for the purpose of awarding attorney fees under ORS 20.096(1). There was no stipulation by the plaintiffs, however, that the trial judge might do so without taking evidence. Lewelling and the trial judge apparently took the position that since the plaintiffs filed no objections to the motion to allow fees, they had no objection. That position might be well taken were attorney fees being sought in a cost bill as

---

[8] Plaintiffs assert that Wagner, not being a party to the contract, could assert no right to attorney fees under ORS 20.096(1). Our reversal of her judgment for attorney fees on the grounds set forth in the body of the opinion makes it unnecessary to address her rights under the statute, and we do not address plaintiffs' assertion.

[747]

a part of costs, but attorney fees under ORS 20.096(1) are not a part of costs.[9] Neither do we believe that the affidavit made a part of the motion will serve as an evidentiary basis for an award of attorney fees to Lewelling in this case. We do not question the truth of the matters asserted in the affidavit, but it is hearsay which the plaintiffs have not stipulated may be considered. Additionally, the affidavit does not segregate the services of counsel for which Lewelling is entitled to claim fees from those of other defendants not entitled to fees.

The cause must be remanded to the circuit court to hold a hearing on the issue of attorney fees for Lewelling.

Modified and remanded. In this court plaintiffs are awarded costs and disbursements against defendants Van Raden and Wagner, and defendant Lewelling is awarded costs and disbursements against plaintiffs.

---

[9] The record is not sufficient for us to determine whether the allowance of the motion was in violation of the court's rules, which might also be grounds for setting aside the award:

"Time for hearing motions and demurrers and the manner of giving notice: Unless otherwise mutually agreed upon by counsel, motions and demurrers shall be argued before the Court on the next regular motion day following the date filed and if not so argued or supported by written brief shall, upon application of opposing counsel, be immediately considered by Court.

"The County Clerk shall, upon filing of a motion or demurrer, give written notice to counsel of the time the same shall come on for hearing, which notice shall be by postcard and in form prescribed by the court, * * *." Rule 4, Rules of Court for Tillamook County.