Argued and submitted July 15, affirmed as modified November 30, 1982

LEWIS,
*Respondent,*
*v.*
DEPARTMENT OF REVENUE,
*Appellant.*

(OTC 1413, SC 28121)

653 P2d 1265

Alfred B. Thomas, Assistant Attorney General, argued the cause for appellant. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

G. Jefferson Campbell, Jr., argued the cause for respondent. With him on the brief was Ross, Whitty & Roess, Coos Bay.

LENT, C. J.

## LENT, C. J.

The issue is whether the Oregon Tax Court could properly award attorney fees to a plaintiff who successfully contended that a gender-based tax exemption statute was unconstitutional where that success did not result in his obtaining the benefit of the exemption but, rather, resulted in no one being entitled to the exemption. We hold the award of attorney fees was improper.

A statute granted to the widow of a war veteran a certain exemption from property tax. Plaintiff was the widower of a war veteran and sought exemption under the statute. The county assessor denied the request for exemption, and the defendant sustained that denial. The Oregon Tax Court delivered an opinion, in which it held the statute to be unconstitutional on the general grounds asserted by the plaintiff in challenging the defendant's order. The Tax Court refused, however, to hold that plaintiff was entitled to the exemption. The result of the Tax Court opinion would be that no person, widow or widower, was entitled to the exemption as the surviving spouse of a war veteran.

The plaintiff had not sought attorney fees in his complaint in the Tax Court, but following the issuance of the opinion in June, 1981, plaintiff filed a motion for an allowance of attorney fees, relying upon ORS 183.495, a statute applicable to judicial review by the Court of Appeals of certain agency actions. The Tax Court forthwith pointed out the inapplicability of that statute, and requested advice as to whether the court could award attorney fees to plaintiff "under the court's inherent equitable powers, permitting the award of attorney fees without resort to statute or contract in rare instances." The Tax Court specifically invited attention to this court's decisions in *Gilbert v. Hoisting & Port. Engrs.*, 237 Or 130, 384 P2d 136, 390 P2d 320 (1964), and *Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975). Following briefing from both parties on that issue, the Tax Court issued its determination, stating in part:

> "It appears to the court that the situation thus described is one in which it is appropriate for the court to use its equitable powers to award attorney fees because: (1) the issues involved are regarded as being of extreme importance; (2) the decision in the case will affect not only the

plaintiff but a substantial number of other Oregon tax-payers directly and all taxpayers indirectly; and (3) if plaintiffs in the situation of the present plaintiff were forced to pay the usual attorney fees, such actions would often be blocked by financial impediments. *See* Nussbaum, *Attorney's Fees in Public Interest Litigation,* 48 NYU L Rev 301 (1973)."

The Tax Court then entered its decree as follows:

"ORDERED, ADJUDGED and DECREED that:

"1. ORS 307.250(4) is declared unconstitutional and void;

"2. Plaintiff is denied the relief requested in his complaint; and

"3. The matter is found to be one in which the award of some part of the plaintiff's attorney fees can be made by the court under its inherent equitable powers.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff is entitled to attorney fees in the amount of $1,200 (the court having granted plaintiff's motion for such attorney fees, following briefing by the parties and full consideration of the propriety thereof)."

The defendant appeals from that part of the decree awarding attorney fees.[1]

■    We start with the general rule that attorney fees are not recoverable in the absence of a statute or contractual provision authorizing the award. In *Riedel v. First National Bank,* 287 Or 285, 290-91, 598 P2d 302 (1979), we quoted with approval the following language from *Hughes v. Bembry,* 256 Or 172, 177-78, 470 P2d 151 (1970):

"We have adopted a narrow policy on the allowance of attorney fees and held that they will not be allowed unless *expressly authorized* by a statute or a contract." (Emphasis added by our decision in *Riedel, supra.*)

Plaintiff here forthrightly does not pretend that there is a statute or contract authorizing such an award. In the final analysis, plaintiff relies only upon the inherent power of a court in equity to award attorney fees upon the authority of

---

[1] The defendant does not appeal from the holding that the statute is unconstitutional, citing as reason that the legislature has amended the statute so as to grant the exemption to widowers as well as widows of war veterans. Or Laws 1981, chs 530 and 680.

*Deras v. Myers, supra,* and *Gilbert v. Hoisting & Port. Engrs., supra.*

In both of those cases, the plaintiffs expressly prayed for an allowance of attorney fees, thus putting the defendants on notice that the success of plaintiffs in the litigation might result in an award of attorney fees to the plaintiffs. In the case at bar there is nothing to put the defendant on notice that should plaintiff prevail defendant might be liable for an award of attorney fees. In *Shipler v. Van Raden,* 288 Or 735, 608 P2d 1162 (1980), a suit in equity, we denied the right to recover attorney fees to parties who did not assert a claim for attorney fees in the pleadings. This alone would be enough to deny such an award in the case at bar.

Herein the trial court, nevertheless, has awarded attorney fees under a theory of inherent equitable power, apparently finding a basis in the pleadings by reason of the usual prayer for general equitable relief, even though there is no allegation in the complaint as to the right to recover fees and, consequently, no reason for a defendant to be put on notice that any part of the prayer might be addressed to that issue.

Plaintiff and the trial court have proceeded upon the premise that this is a matter of general importance in the same sense as we have found present in *Gilbert* and *Deras.* We disagree. There is nothing in plaintiff's complaint here to show that he was proceeding to vindicate the rights or equities of a large class of persons similarly situated. To the contrary, plaintiff does not even mention that there may be others similarly situated. In his pleading, plaintiff purported to act for no other than himself.

Finally, we note that it is very doubtful that plaintiff could be considered to be the prevailing party, and we are pointed to no decision in which it can be said that the party who did not prevail was awarded an attorney fee. The ultimate claim made by plaintiff in this case was that he was entitled to an exemption with respect to his ad valorem taxes. The predicate for that claim was the asserted unconstitutionality of the statute in question. In the trial court, plaintiff won the battle but lost the war. He succeeded in having the statute declared to be unconstitutional, but the

trial judge held the effect to be that neither widow nor widower was entitled to the exemption. Plaintiff has not appealed that ultimate result, and we express no opinion as to what would have been the result of an appeal upon that issue. *Compare, Hewitt v. SAIF,* 294 Or 33, 653 P2d 970 (1982). The net result of plaintiff's success was, except for the intervention of the legislature at an ensuing session, to remove the statutory basis for a claim for exemption from taxation formerly belonging to widows of war veterans. Except for legislative action, the plaintiff's suit rewarded no one.

Defendant has cited to us certain affirmative arguments partly based upon statute and partly based upon other policy. Those arguments are not without merit, but we need not reach them by reason of our holding that plaintiff's arguments for an award of attorney fees fail in and of themselves.

The decree of the Oregon Tax Court is modified by deleting the award of attorney fees to plaintiffs. The decree is otherwise affirmed.