Submitted In Banc July 6, attorney fees are not aggregated
for jurisdictional purposes August 10, 1983

ARABIAN et al,
*Plaintiffs,*

*v.*

KEARNS,
*Defendant.*

(16-82-10538; CA M-48)

DOKE et ux,
*Plaintiffs,*

*v.*

PET VILLAGE, LTD., et al,
*Defendants.*

(126032; CA M-50)
(Cases consolidated.)

667 P2d 1038

Attorney fees are not aggregated for jurisdictional pur-poses.

Joseph, C. J., specially concurring.

## BUTTLER, J.

This matter is before us on jurisdictional referrals under ORS 46.063. The issue is whether, in an action where an attorney fee may be awarded to the prevailing party by reason of a contract or a statute, the amount of the attorney fee claimed is to be included in determining the amount in controversy for jurisdictional purposes under ORS 46.060.

Historically, if an attorney fee was recoverable as part of a party's substantive claim, it was aggregated with the rest of the claim for jurisdictional purposes; however, if the attorney fee was recoverable only as part of costs, it was not. *Springer v. Bowen, Lee & Co.,* 60 Or App 60, 652 P2d 863 (1982).

A correlative part of that rule was that when attorney fees were not part of costs, the plaintiff was required to allege the amount claimed and to prove the reasonableness of the amount claimed as part of the trial. *Pritchett v. Fry,* 286 Or 189, 593 P2d 1133 (1979); *but see Shipler v. Van Raden,* 288 Or 735, 608 P2d 1162 (1980).

The question is whether ORCP 68 changed that rule. Although it is clear from Rule 68A(1) and A(2) that, as used in the rule, attorney fees are not the same as costs and disbursements, it is apparent that the reason for so stating at the outset is that other portions of ORCP 68 deal with either costs and disbursements or attorney fees, or both, and they must be distinquished definitionally in order to avoid confusion.

The parts of ORCP 68 most relevant to the present inquiry are Rule 68C(1), (2) and (3), which provide:

"C.(1) Notwithstanding Rule 1A. and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, *this section governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees,* except where:

"* * * * *

"C.(2) A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. A party *shall not be required to allege a right to a specific amount of attorney fees; an allegation that a party is entitled to 'reasonable attorney fees' is sufficient.* If a party

does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be asserted by a demand for attorney fees in such motion, in substantially similar form to the allegations required by this subsection. Such allegation shall be taken as substantially denied and no responsive pleading shall be necessary. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless *a right* to recover such fee is asserted as provided in this subsection.

"C.(3) *The items of attorney fees and costs and disbursements shall be submitted in the manner provided by subsection (4)* of this section, *without proof being offered during the trial.*" (Emphasis supplied.)

A fair paraphrase of Rule 68C(1) is that, regardless of the basis for permitting recovery of attorney fees in a particular case, Rule 68 governs the pleading, proof and award of attorney fees in all cases, with certain exceptions not here applicable. Under 68C(2), it is no longer necessary to allege a specific amount claimed for attorney fees; it is only necessary to allege the contractual or statutory basis for the award and that, on that basis, the party is entitled to "reasonable attorney fees." The claim for attorney fees is not a matter of proof during the trial. Those provisions squarely overrule the prior law as enunciated in *Pritchett v. Fry, supra.* Although that case did not involve the question whether attorney fees must be considered in determining the jurisdictional amount, it rested on the underlying premises on which the historical rule relied, and ORCP 68 says that those premises are no longer relevant.

■ Accordingly, a complaint that alleges an amount of damages and an amount for attorney fees, which together exceed the jurisdictional amount of the district court, should not be treated as ousting the district court of jurisdiction. Rather, the amount alleged for attorney fees should be treated as surplusage, because it is not a necessary allegation, will not be the subject of proof and will not be determined during the trial. Attorney fees are submitted and determined as provided in ORCP 68C(4), along with costs and disbursements.

After the judgment on the merits has been entered, the prevailing party serves and files a cost bill, which includes a verified and detailed statement of the amount claimed for attorney fees and for costs and disbursements, not later than

ten days after entry of the judgment. ORCP 68C(4)(a)(i). Objections may be filed under ORCP 68C(4)(b) within 15 days after the service of the cost bill. A hearing is then held on those pleadings, which may be amended, and the court then determines the amount of attorney fees and costs and disbursements to be included in the judgment, which may be a judgment separate from the one on the merits, and is appealable. ORS 20.220.

■ We conclude that ORCP 68 changed the prior law and did so so with the intention of eliminating the clumsiness and uncertainty of the prior law based on a tenuous (and probably unintended) distinction in statutory language. To hold, as we do, that the amount of attorney fees is not to be included in the jurisdictional amount also prevents a plaintiff from forum shopping or controlling jurisdiction by alleging an amount for attorney fees.

We hold that attorney fees are not aggregated with other claims for jurisdictional purposes. Jurisdiction is in the district court in each of the cases referred.

**JOSEPH, C. J.,** specially concurring.

Even though I do not agree that the majority's interpretation of ORCP 68A(1) and (2) is obvious or even correct, and even though I believe that the rules as interpreted by the majority exceed the authority of the Council on Court Procedures, *see* ORCP 1.735, I concur in the result. By the time the majority's decision becomes effective, the amendment of ORS 46.060 by Or Laws 1983, ch 149 will have become effective, and a dissent would have no practical impact. The statute will now say, in relevant part:

> "For purposes of this section, the amount claimed, the value of property, damages or any amount in controversy does not include any amount claimed as costs and disbursements or attorney fees."